IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CONNIE R. EDMISTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:09cv206-TMH |
| | ) | (WO) |
| D. ROSADO, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.   INTRODUCTION

Connie R. Edmiston ("Edmiston"), a federal inmate, has initiated a *pro se* cause of action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). (*Plaintiff's Complaint* - Doc. No. 1.)  Edmiston challenges the constitutionality of actions taken against him during his incarceration at the Maxwell Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"). He names Demetrius Rosado and Dean Preston, correctional officers at FPC Montgomery at the time relevant to his claims, as defendants.  Edmiston alleges that Rosado and Preston ("Defendants") conspired to (1) steal his radio and (2) deny him medical treatment by denying him eyeglasses.  He seeks monetary damages for what he alleges was a violation of his constitutional rights.

Defendants filed a written report and answer with supporting evidentiary materials addressing Edmiston's claims.  (*Defendants' Written Report* - Doc. No. 17.)  Defendants

assert, among other things, that Edmiston failed to exhaust his available administrative remedies and that, consequently, his complaint should be dismissed.  This court provided Edmiston with an opportunity to file a response to the arguments presented by Defendants, but Edmiston failed to do so.  (*See Court Order* - Doc. No. 19; *Plaintiff's Response* - Doc. No. 24.)

For reasons set forth below, and in accordance with orders entered in this case and governing case law, this court deems it appropriate to treat Defendants' written report as a motion for summary judgment.  *See Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (although an exhaustion defense "is not ordinarily the proper subject for a summary judgment [motion,] the defense is appropriate for summary judgment when the evidence demonstrates that administrative remedies "are absolutely time barred or otherwise infeasible").  Thus, this case is pending on Defendants' motion for summary judgment. Upon consideration of this motion and the evidentiary materials filed in support thereof, the court concludes that Defendants' motion for summary judgment should be granted.

## II.   STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (citations omitted); Fed.R.Civ.P. 56(c) (summary judgment "should be rendered if the

pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law").[1]   The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact."   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.   *Id.* at 322-24.

When the movant meets the evidentiary burden of demonstrating the absence of any genuine issue of material fact, the burden then shifts to the nonmoving party to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists.   *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for

---

[1]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). A party's *pro se* status alone does not mandate this court's disregard of

4

elementary principles of production and proof in a civil case

### III.   DISCUSSION

As noted above, Edmiston challenges the constitutionality of actions taken against him during his incarceration at FPC Montgomery.  Defendants answer that this case should be dismissed because Edmiston failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[2] (*Defendants' Written Report* - Doc. No. 17 at pp. 9-12.)  In support of this contention, Defendants have included an affidavit from Terry A. Collins, Senior Counsel, Federal Bureau of Prisons, Southeast Region, in which Collins avers that he has reviewed the computerized administrative remedy log for Edmiston and that the log reflects Edmiston failed to exhaust his administrative remedies because he did not file any appeals following the denial of his grievance and requested remedy by the Warden of FPC Montgomery.  (*See Declaration of Terry A. Collins* - Attachment to Doc. No. 17.)

Under the PLRA, a federal prisoner cannot bring a *Bivens* action until he has exhausted his available administrative remedies.  42 U.S.C. § 1997e(a); *Alexander v. Hawk*,

---

[2]Section 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal law*, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (emphasis added).

159 F.3d 1321, 1323-24 (11th Cir. 1998) (applying the PLRA's exhaustion requirement to *Bivens* claims). *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) ([F]ederal prisoners suing under *Bivens* ... must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a [42 U.S.C.] § 1983 suit."). "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. Exhaustion of all available administrative remedies is a precondition to prisoner litigation, and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander*, 159 F.3d at 1325.

Moreover, "the PLRA exhaustion requirement requires *proper exhaustion*." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548

U.S. at 90-91, 93.  Because proper exhaustion of administrative remedies is necessary, an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him.  548 U.S. at 83-84; *see Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005).

The Federal Bureau of Prisons ("BOP") has established regulations setting forth the procedures a prisoner must follow before seeking relief from a district court.  *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992); *see* 28 C.F.R. § 542.10, *et seq*.  According to these regulations, which provide a three-tiered review process, within 20 days from the date on which the action complained of occurred, an inmate seeking redress must first file a grievance with the warden of the facility where he is housed, describing his complaint as well as his requested remedy; the warden then has 20 days to respond.  28 C.F.R. §§ 542.11(4) and 542.15.  (*See Defendants' Written Report* - Doc. No. 17 at p. 10; *Declaration of Terry A. Collins* - Attachment to Doc. No. 17.)  If the inmate is dissatisfied with the warden's response, he has 20 days to file an appeal with the Regional Director of the region in which he is housed.  28 C.F.R. § 542.15(a).  (*Id*.)  Finally, if the inmate is not satisfied with the Regional Director's response, he has 30 days to file an appeal with the General Counsel for the BOP.  28 C.F.R. § 542.15(a).  (*Id*.)  A decision by the BOP is not final until relief has been denied at the national level.  (*Declaration of Terry A. Collins* - Attachment

7

to Doc. No. 17.)

The evidence before this court reveals that Edmiston failed to file any appeals following the denial of his initial grievance by the Warden of FPC Montgomery. Thus, Defendants now contend that Edmiston failed to exhaust his administrative remedies. Because the evidentiary materials submitted by Defendants show that Edmiston did not exhaust his available administrative remedies, Edmiston is required to produce "sufficient [favorable] evidence" establishing proper exhaustion. *See Anderson*, 477 U.S. at 249-50; Fed.R.Civ.P. 56(e)(1). Edmiston, however, has failed to present any evidence addressing the question of his failure to exhaust his administrative remedies. Instead, he merely asserts – while citing no controlling authority for such assertion – that he was not required to exhaust his administrative remedies in a *Bivens* action seeking money damages. (*See Plaintiff's Response* - Doc. No. 24 at p. 1.) This is not the law, however. *See Porter*, 534 U.S. at 524; *Booth,* 532 U.S. at 741 n.6; *Alexander*, 159 F.3d at 1323-24.

The materials before this court reflect that Edmiston did not *properly* exhaust his administrative remedies concerning his claims of inadequate dental care. Edmiston has thus failed to create a genuine issue of material fact that he exhausted his administrative remedies within the requirements set forth by the BOP. Consequently, he has not overcome the burden applicable to motions for summary judgment, and Defendants' motion for summary judgment is due to be granted. *Matsushita*, *supra*.

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion for summary judgment be GRANTED.

2.  Edmiston's complaint be DISMISSED with prejudice due to Edmiston's failure to properly exhaust his available administrative remedies.

It is further

ORDERED that on or before **April 27, 2010**, the parties may file objections to the Recommendation.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon the grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 13th day of April, 2010.

9

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE